IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK REVAK, )
        Plaintiff, )
vs. ) Civil Action No. 08-691
NATHANIEL LIEBERUM, and BRIAN )
BARNHART, as individuals, )
        Defendants. )

AMBROSE, Chief District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court is a Partial Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants, Pennsylvania State Police ("PSP") Trooper Nathaniel Lieberum ("Lieberum") and PSP Corporal Brian Barnhart ("Barnhart," or collectively as "Defendants"). (Docket No. 11). Plaintiff filed a response in opposition thereto. (Docket No. 14). After a careful review of the submissions by the parties and for the reasons discussed in this Opinion, the Motion to Dismiss (Docket No. 11) is granted in part and denied in part.

### OPINION

**I.    Factual Background and Procedural History**[1]

In August 2002, Defendants initiated a traffic stop involving the Plaintiff, Frank Revak ("Revak" or "Plaintiff"), on his own property. After Revak stopped his vehicle, Trooper Lieberum approached, ordered Revak out of the vehicle, and requested that Revak empty his pockets.

---

[1]Unless otherwise noted, the facts in this section are taken from Plaintiff's Complaint.

Revak was carrying approximately $156.00 in his pocket. Lieberum inquired as to why Revak was carrying that amount of cash. In response, Revak asked what was inappropriate about having the money. At this point, Lieberum became irate and informed Revak that he was going to be taken into custody.

Barnhart attempted to place handcuffs on Revak's wrists but was unsuccessful because Revak's wrists were too large. Revak was not resisting or provoking the Defendants in any way, but they nevertheless applied pressure to Revak's thumb and applied pepper spray to his face. Despite pleas from a witness to stop the pepper spraying due to Revak's vision and breathing problems, the Defendants sprayed Revak twice more in the face with pepper spray. As Revak was being placed in the patrol car, he was having difficulty breathing, he was coughing, and his eyes were watering and swollen shut. At no point, either during the drive or at the police barracks was Revak provided medical attention.

On or about May 20, 2008, Plaintiff commenced this action by filing a Complaint against the Defendants in this Court. Plaintiff's Complaint sets forth three counts against Defendant: Count I - violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983, specifically, (a) unreasonable search and seizure and/or excessive use of force, (b) deprivation of his life and liberty without due process of law, (c) violation of equal protection, and (d) conspiracy to violate his constitutional rights; Count II - intentional infliction of emotional distress and/or willful and wanton misconduct; and, Count III - assault and battery.

Defendants filed a Partial Motion to Dismiss for failure to state a claim against them and brief in support. (Docket Nos. 11, 12). Specifically, the Defendants seek dismissal of the due process, equal protection, and conspiracy portions of Count I, and Counts II and III in their entirety. Plaintiff has filed a brief in opposition to Defendant's motion. (Docket No. 14). The issues are now ripe for my review.

**II.     Legal Analysis**

　　**A.     Standard of Review**

In ruling on a 12(b)(6) motion for failure to state a claim, I must accept all factual allegations, and all reasonable inferences therefrom, as true and view them in the light most favorable to the plaintiff.  Phillips v. County of Allegheny, 525 F.3d 224, 231 (3d Cir. 2008). Although a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007); Phillips, 515 F.3d at 231.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 1965 (internal citations omitted).

With this standard in mind, I now turn to the issues of this case.

　　**B.     Motion to Dismiss**

　　　　**1.     Fourteenth Amendment Due Process Claim**

In response to the Defendants' Motion to Dismiss the Plaintiff's fourteenth amendment due process claim, the Plaintiff responded as follows:

> A review of the Defendants' argument regarding the propriety of Plaintiff's Fourteenth Amendment due process claim related to the excessive force used against the Plaintiff appears to be correct.  Therefore, the Plaintiff will agree to the withdrawal of the claim of Fourteenth Amendment due process violation as it relates to the claim of excessive force.

(Docket No. 14, p. 2).  Thus, the Plaintiff has agreed to withdrawal the claim of a due process violation.  Therefore, the Defendant's Motion to Dismiss the Plaintiff's Fourteenth Amendment due process claim (Docket No. 11) is denied as moot.

　　　　**2.     Equal Protection Claim**

When proceeding under a class-of-one theory to prove an equal protection violation, as is true in this case, the Plaintiff must "allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006); *see Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The Plaintiff's Complaint did not contain any factual allegations concerning these elements; rather, the Plaintiff alleged nothing more than a bald assertion and legal conclusion that Plaintiff was deprived of his right to equal protection. These "general accusations and the invocation of the Equal Protection Clause" will not suffice. *Hill*, 455 F.3d at 245. Plaintiff acknowledges that the Complaint, as stated, is insufficient to plead a violation of equal protection. (Docket No. 14, p. 2). Based on the same, Defendants' Motion (Docket No. 11) is granted with regard to Plaintiff's equal protection claim.

Plaintiff, however, has requested the opportunity to file an Amended Complaint to remedy the deficiencies in the Complaint. (Docket No. 11, pp. 2-3). I will grant the Plaintiff's request for leave to amend his Complaint and order that Plaintiff is permitted to filed and Amended Complaint amending his equal protection claim within 10 from the date of this opinion and order of court.

3.  § 1983 Conspiracy Claim

The Defendants basically assert that the Plaintiff has failed to sufficiently plead a claim of conspiracy with the requisite specificity or particularity necessary to establish such a claim. (Docket No. 12, pp. 6-7).

> "[T]o sufficiently allege a conspiracy, a plaintiff must show 'a combination of two or more person to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'" *Panayotides*, 35 F.Supp.2d at 419 (*quoting Hammond v. Creative Financial Planning Org.*, 800 F.Supp. 1244, 1248 (E.D.Pa.1992)). A plaintiff must make " 'specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.' " *Id. (quoting Hammond*, 800 F.Supp. at 1248). "Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose will be

4

> deemed sufficient." *Outterbridge v. Pennsylvania Dep't of Corrections*, 2000 WL 795874, 2000 U.S. Dist. LEXIS 7762, at *8 (E.D.Pa. Jun. 7, 2000) (*quoting Rose*, 871 F.2d at 366).

*Marchese v. Umstead,* 110 F.Supp.2d 361, 371 (E.D. Pa. 2000).

Specifically, the Defendants argue that the Plaintiff's Complaint states nothing more than conclusory allegations and does not state sufficient facts to satisfy the above standard. (Docket No. 12, p. 7). After a review of the Complaint, I disagree. First, there is no contention that the alleged conspiracy does not involve state action. The Defendants' status as on-duty state police officers clearly implicates state action.

Second, as the law suggests, particularized allegations of conspiracy need only include the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy. *Marchese*, 110 F.Supp.2d at 365. A fair reading of the Complaint suggests that the conspiracy began on the night of the incident, where both officers agreed to ratify and cover-up their unlawful acts, and in furtherance of this agreement, gave false testimony at the Plaintiff's preliminary hearing. (Docket No. 1, ¶¶ 29-35). The Defendants' alternative explanation - that the allegations are indicative of the officers' truthfulness, rather than a conspiracy, is irrelevant at this stage since the Court must accept the Plaintiff's factual allegations as true.

Furthermore, the Complaint alleges that "[t]he conduct of each of the Defendants acting in conspiracy" deprived the Plaintiff of several rights, including his right to be free from unreasonable interference by the police, unlawful detention, assault, and excessive use of force as guaranteed by the Fourth Amendment. (Docket No. 1, ¶44). Because the Plaintiff set forth sufficient facts alleging a deprivation of his Fourth Amendment rights and he connected this deprivation to the conspiracy, he has successfully pled an underlying deprivation of civil rights in satisfaction of the second prong. Therefore, the Defendant's Motion to Dismiss Plaintiff's conspiracy claim (Docket No. 11) is denied.

4.  Sovereign Immunity as to State Law Tort Claims

Defendants contend that the Plaintiff's state law tort claims are barred by sovereign immunity. (Docket No. 12, pp. 8-9). The doctrine of sovereign immunity bars tort claims against the Commonwealth, its officials, and employees when acting within the scope of their duties. 1 PA.C.S.A. § 2310. The General Assembly delineated only nine exceptions[2] to the sovereign immunity bar which are to be "strictly construed and narrowly tailored." *Brown v. Blaine*, 833 A.2d 1166, 1173 (Pa.Cmwlth. 2003). Because neither assault and battery (Count III) nor intentional infliction of emotional distress (Count II) falls within one of these nine exceptions, the Defendants argue that both claims are barred by sovereign immunity. (Docket No. 12, pp. 8-9).

To counter this conclusion, the Plaintiff appears to make two arguments: (1) government employees lose their sovereign immunity when they commit intentional torts; and (2) because the Defendants' actions were allegedly conducted outside the scope of their employment, they are not entitled to sovereign immunity. (Docket No. 14, pp. 4-6). I will address both arguments in turn.

In making his first argument, the Plaintiff relies on a state statute which provides that sovereign immunity is not available for local agencies or their employees where the unlawful act constituted "willful misconduct." 42 PA.C.S.A. § 8550. However, it appears from the Complaint that the Defendants are not employees of a local agency but, rather, are Commonwealth employees. Section 8550 does not apply to employees of the Commonwealth. *See Yakowicz v. McDermott*, 548 A.2d 1330, 1333 & n. 5 (Pa.Cmwlth. 1988), *appeal denied*, 565 A.2d 1168 (Pa. 1989) (noting that Commonwealth employees are immune from liability even for intentional torts but that local agency employees lose their immunity defense where their actions constitute a crime, actual fraud, actual malice or willful misconduct). Unlike local agencies and their employees, "Commonwealth employee[s] [are] protected by sovereign immunity from the imposition of liability

---

[2] The nine exceptions are set forth at 42 Pa.C.S.A. §8522(b).

for intentional tort claims." *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa.Cmwlth. 1992). Therefore, the Plaintiff's first argument fails.

Next, the Plaintiff argues that because the Complaint alleges that the Defendants were acting outside the scope of their employment when they used excessive force against the Plaintiff, the Defendants are not entitled to sovereign immunity. (Docket No. 14, pp. 4-6). At this stage, I agree. The sovereign immunity provided to Commonwealth employees under § 2310 only extends to those employees "acting within the scope of their duties." 1 PA.C.S.A. § 2310. Conduct of an employee is within the scope of employment only if: (1) it is of a kind that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is calculated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, it is not unexpected by the employer. *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000), *citing* Restatement (Second) Agency § 228. The Plaintiff consistently alleges throughout his Complaint that the excessive force used by the Defendants was not the kind of force that the Defendants were employed to perform; thus, the Defendants were acting outside their employment. Therefore, Defendants are not entitled to sovereign immunity at the pleading stage.

Accordingly, the Defendant's Motion to Dismiss the Plaintiff's state law tort claims (Counts II and III) based on sovereign immunity (Docket No. 11) is denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK REVAK, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>NATHANIEL LIEBERUM, and BRIAN )<br>BARNHART, as individuals, )<br>)<br>  Defendants. ) | Civil Action No. 08-691 |

AMBROSE, Chief District Judge

## ORDER OF COURT

AND NOW, this 10th day of November, 2008, after careful consideration of the submissions of the parties and for the reasons set forth in the accompanying Opinion it is ordered that Defendant's Partial Motion to Dismiss (Docket No. 11) is granted in part and denied in part as follows:

1. Defendant's Motion to Dismiss as to the due process claim in Count I is denied as moot, as Plaintiff has withdrawn this claim;

2. Defendant's Motion to Dismiss as to the equal protection claim in Count I is granted;

3. Defendant's Motion to Dismiss as to the conspiracy claim in Count I is denied; and

4. Defendant's Motion to Dismiss as to the state law tort claims in Counts II and III is denied.

It is further ordered that Plaintiff is to file an Amended Complaint withdrawing his due process claim in Count I and may make curative amendments to his equal protection claim in Count I. Plaintiff's Amended Complaint is due within 10 days of the date of this Order.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge