| | | |
|---|---|---|
| FRANK REVAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-691 |
| | ) | |
| NATHANIEL LIEBERUM, and BRIAN | ) | |
| BARNHART, as individuals, | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court is a Partial Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants, Pennsylvania State Police ("PSP") Trooper Nathaniel Lieberum ("Lieberum") and PSP Corporal Brian Barnhart ("Barnhart," or collectively as "Defendants"). (Docket No. 25). Plaintiff filed a response in opposition thereto. (Docket No. 30). After a careful review of the submissions by the parties and for the reasons discussed in this Opinion, the Partial Motion to Dismiss (Docket No. 25) is granted.

**OPINION**

**I.      Factual Background and Procedural History[1]**

In August 2002, Defendants initiated a traffic stop involving the Plaintiff, Frank Revak ("Revak" or "Plaintiff"), on his own property. After Revak stopped his vehicle, Trooper Lieberum approached, ordered Revak out of the vehicle, and requested that Revak empty his pockets. Revak was carrying approximately $156.00 in his pocket. Lieberum inquired as to why Revak was

---

[1]Unless otherwise noted, the facts in this section are taken from Plaintiff's Amended Complaint.

carrying that amount of cash. In response, Revak asked what was inappropriate about having the money. At this point, Lieberum became irate and informed Revak that he was going to be taken into custody.

Barnhart attempted to place handcuffs on Revak's wrists but was unsuccessful because Revak's wrists were too large. Revak was not resisting or provoking the Defendants in any way, but they nevertheless applied pressure to Revak's thumb and applied pepper spray to his face. Despite pleas from a witness to stop the pepper spraying due to Revak's vision and breathing problems, the Defendants sprayed Revak twice more in the face with pepper spray. As Revak was being placed in the patrol car, he was having difficulty breathing, he was coughing, and his eyes were watering and swollen shut. At no point, either during the drive or at the police barracks was Revak provided medical attention.

On or about May 20, 2008, Plaintiff commenced this action by filing a Complaint against the Defendants in this Court. Plaintiff's Complaint sets forth three counts against Defendant: Count I - violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983, specifically, (a) unreasonable search and seizure and/or excessive use of force, (b) deprivation of his life and liberty without due process of law, (c) violation of equal protection, and (d) conspiracy to violate his constitutional rights; Count II - intentional infliction of emotional distress and/or willful and wanton misconduct; and, Count III - assault and battery. Defendants' filed a Partial Motion to Dismiss. (Doc. No. 11). Thereafter, I granted in part and denied in part the Partial Motion as follows:

1. Defendant's Motion to Dismiss as to the due process claim in Count I is denied as moot as Plaintiff has withdrawn this claim;

2. Defendant's Motion to Dismiss as to the equal protection claim in Count I is granted;

3. Defendant's Motion to Dismiss as to the conspiracy claim in Count I is denied; and

4. Defendant's Motion to Dismiss as to the state law tort claims in Counts II and III is denied.

It is further ordered that Plaintiff is to file an Amended Complaint withdrawing his due process claim in Count I and may make curative amendments to his equal protection claim in Count I.

(Docket No. 17).

Plaintiff filed an Amended Complaint on December 9, 2008. (Doc. No. 24). In his Amended Complaint, Plaintiff asserts three causes of action: 1) Count I: 42 U.S.C. §1983 and 4th Amendment; 2) Count II: Intentional Infliction of Emotional Distress and/or Willful and Wanton Misconduct; and 3) Assault and Battery. *Id.* Defendants filed a Partial Motion to Dismiss the Amended Complaint and brief in support. (Docket Nos. 25, 26). Specifically, the Defendants seek dismissal of Plaintiff's 14th Amendment due process, 4th Amendment due process and equal protection, and equal protection "class-of-one" claims. Plaintiff has filed a brief in opposition to Defendant's motion. (Docket No. 30). The issues are now ripe for my review.

## II.    Legal Analysis

### A.    Standard of Review

In ruling on a 12(b)(6) motion for failure to state a claim, I must accept all factual allegations, and all reasonable inferences therefrom, as true and view them in the light most favorable to the plaintiff. Phillips v. County of Allegheny, 525 F.3d 224, 231 (3d Cir. 2008). Although a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007); Phillips, 515 F.3d at 231. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (internal citations omitted).

With this standard in mind, I now turn to the issues of this case.

**B.    Partial Motion to Dismiss**

1.    14th Amendment Due Process Claim

Defendants argue that Plaintiff's 14th Amendment due process claim should be dismissed as the conduct of which he complains is covered by the 4th Amendment excessive force claim. (Doc. No. 26, p. 4-5). In addition, Defendants assert that Plaintiff agreed previously to withdraw his 14th Amendment due process claim. (Doc. No. 26, p. 6). In response to the Defendants' Motion to Dismiss the Plaintiff's 14th Amendment due process claim, the Plaintiff responded as follows:

> The Defendants are correct that the Plaintiff inadvertently made a due process claim under the Fourth Amendment. As set forth by the defense, no such claim exists. Plaintiff therefore joins the Defendants in agreeing to limit Plaintiff's due process claim to a claim under the Fourteenth Amendment. Plaintiff further joins the Defendants in agreeing that the unreasonable excessive force used by the police officers in this case is properly analyzed with a claim under the Fourth Amendment.

(Docket No. 30, pp. 1-2). Unfortunately, Plaintiff's statement is incorrect. Defendants have not agreed "to limit Plaintiff's due process claim under the Fourteenth Amendment." To the contrary, Defendants state in no uncertain terms that "Plaintiff cannot raise a 14th Amendment due process claim because he already attempted that in his original complaint, he agreed that it should be dismissed, and this Court has already dismissed that claim." (Docket No. 26, p. 6; *see also,* Docket No. 26, pp. 4-5). From Plaintiff's statement above, it appears as though Plaintiff is attempting to replead a 14th Amendment due process claim when he previously agreed to withdraw and did not seek leave to reassert.[2] Discovery is complete in three days. Therefore, the Defendant's Motion

---

[2]In his response to Defendants' initial Partial Motion to Dismiss and specifically in response to Defendants' Motion to Dismiss Plaintiff's 14th Amendment due process claim, Plaintiff stated as follows: " A review of the Defendants' argument regarding the propriety of Plaintiff's Fourteenth Amendment due process claim related to the excessive force used against the Plaintiff appears to be correct. Therefore, the Plaintiff will agree to the withdrawal of the claim of Fourteenth Amendment due process violation as it relates to the claim of excessive force." (Docket No. 14, p. 2). Consequently, I denied the Partial Motion to Dismiss as moot on this issue and ordered Plaintiff to file an Amended Complaint withdrawing his 14th Amendment due process claim within Count I. (Docket No. 17).

to Dismiss the Plaintiff's Fourteenth Amendment due process claim within Count I (Docket No. 25) is granted.

### 2. Equal Protection and Due Process Claims under the 4th Amendment

Defendants assert that Plaintiff's Fourth Amendment due process and equal protection claims should be dismissed. In response, Plaintiff states as follows:

> For the reasons set forth above, the Plaintiff agrees there is no Fourth Amendment Due Process or Equal Protection claim. As indicated above, the Plaintiff agrees to confer with the Defendants to sanitize the Complaint of any improper and/or ambiguous references which suggest that the Plaintiff is trying to assert a Fourth Amendment Equal Protection or Due Process claim.

(Docket No. 30, p. 2). From this statement, it is clear that Plaintiff agrees that there is no Fourth Amendment due process or equal protection claim. Therefore, Defendant's Motion to Dismiss the Fourth Amendment due process or equal protection claims in Count I is granted. Thus, there is no need for the Plaintiff to "confer with Defendants to sanitize the Complaint" as they are now dismissed.

### 3. 14th Amendment Equal Protection "Class of One" Claim

Finally, Defendants assert that Plaintiff's Fourteenth Amendment equal protection "class of one" claim should be dismissed as failing to meet the pleading standard. Initially, I granted Defendant's first Partial Motion to Dismiss with regard to Plaintiff's "class of one" equal protection claim, as it did not contain any allegations regarding such a claim. (Doc. No. 17). Plaintiff was granted leave, however, to replead said claim in an Amended Complaint. With regard to this claim, the Amended Complaint adds the following paragraph:

> Plaintiff believes, and therefore avers, that the individual Defendants and each of them, treated the Plaintiff differently than other individuals who those Defendants stopped for alleged traffic violations. Plaintiff believes that the conduct of the Defendant police officers in this regard was outside of their training, and was performed in a manner which was different from traffic stops of other individuals similarly situated to the Plaintiff. Plaintiff further believes and therefore avers that the Defendants intentionally treated the Plaintiff differently than others similarly

situated to the Plaintiff.  Furthermore, the Plaintiff believes and therefore avers that there was no rational basis for the conduct of the Defendants as described hereinbefore above.  As such, the Plaintiff constituted a "class of one" and was, thereby, entitled to the equal protection of the law.

(Docket No. 24, ¶51).

When proceeding under a class-of-one theory to prove an equal protection violation, a plaintiff must "allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006); *see Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

There are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

Suppose, for example, that a traffic officer is stationed on a busy highway where people often drive above the speed limit, and there is no basis upon which to distinguish them. If the officer gives only one of those people a ticket, it may be good English to say that the officer has created a class of people that did not get speeding tickets, and a "class of one" that did. But assuming that it is in the nature of the particular government activity that not all speeders can be stopped and ticketed, complaining that one has been singled out for no reason does not invoke the fear of improper government classification. Such a complaint, rather, challenges the legitimacy of the underlying action itself-the decision to ticket speeders under such circumstances. Of course, an allegation that speeding tickets are given out on the basis of race or sex would state an equal protection claim, because such discriminatory classifications implicate basic equal protection concerns. But allowing an equal protection claim on the ground that a ticket was given to one person and not others, even if for no discernible or articulable reason, would be incompatible with the discretion inherent in the challenged action. It is no proper challenge to what in its nature is a subjective, individualized decision that it was subjective and individualized.

*Engquist v. Oregon Dept. of Agr.,* 128 S.Ct. 2146, 2154 (2008); *See also, Kahlily v. Francis,* 2008 WL 5244596, No. 08 C 1515, *4-5 (N. D. Ill. Dec. 16, 2008) (dismissing a "class of one" equal

protection claim based on a traffic stop).

Such is the case here. From the time of the traffic stop to the actions that occurred thereafter, the decisionmaking was discretionary based on a vast array of subjective, individualized assessments by Defendants, as it must be in these types of situations. In this case, Plaintiff is attempting to place a square peg in a round hole. His claim is essentially a claim for unreasonable seizure and excessive force under the Fourth Amendment, which Plaintiff has already claimed and is proceeding under, not an equal protection "class of one" claim. Therefore, Defendant's Motion to Dismiss Plaintiff's Fourteenth Amendment equal protection "class of one" claim is granted and said claim is dismissed.[3]

---

[3]I note that Plaintiff attempts to argue that he "expects to develop in discovery" this claim further and "[t]he fact that the Plaintiff does not have the evidence immediately in hand is not surprising. Most individuals who are pulled over by the police do not have statistics or other evidence immediately available about how others are treated during traffic stops." (Doc. No. 30, p. 3-4). I am not moved or persuaded by this argument. Plaintiff wrote this argument on January 16, 2009, only 11 days prior to the close of discovery of a five month discovery period and seven months after the initial Complaint was filed. Furthermore, Plaintiff's statement is a virtual admission that at the end of discovery he still has no evidence in hand to support such a claim, even if such a claim was viable.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK REVAK,                                    )
                                                )
        Plaintiff,                              )
                                                )
        vs.                                     )        Civil Action No. 08-691
                                                )
NATHANIEL LIEBERUM, and BRIAN                   )
BARNHART, as individuals,                       )
                                                )
        Defendants.                             )

AMBROSE, Chief District Judge

## ORDER OF COURT

AND NOW, this 23rd day of January, 2009, after careful consideration of the submissions of the parties and for the reasons set forth in the accompanying Opinion it is ordered that Defendant's Partial Motion to Dismiss (Docket No. 25) is granted and the following claims are dismissed from the Amended Complaint:

1.      Plaintiff's due process claim under the 14th Amendment;

2.      Plaintiff's due process and equal protection claims under the 4th Amendment; and

3.      Plaintiff's 14th Amendment equal protection class of one claim.

It is further ordered that the conference set for January 28, 2009, at 9:30 a.m. has been changed to January 28, 2009, at 9:15 a.m.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge