IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK REVAK, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 08-691 |
| NATHANIEL LIEBERUM, and BRIAN BARNHART, as individuals, | ) ) ) ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge

## OPINION
### and
### ORDER OF COURT

### SYNOPSIS

Pending before the Court is a Partial Motion for Summary Judgment filed by Defendants, Pennsylvania State Police ("PSP") Trooper Nathaniel Lieberum ("Lieberum") and PSP Corporal Brian Barnhart ("Barnhart," or collectively as "Defendants"). (Docket No. 33). Plaintiff filed a Brief in Opposition thereto. (Docket No. 39). Defendants filed a Reply thereto. (Docket No. 43). After a careful review of the submissions by the parties and for the reasons discussed in this Opinion, the Partial Motion for Summary Judgment (Docket No. 33) is granted in part and denied in part.

### OPINION

**I.      Procedural History**

This case involves a traffic stop and arrest of Plaintiff by Defendants on August 11, 2006. After two rounds of Motions to Dismiss, the claims remaining in the case are as follows: 1) An unreasonable search and seizure and excessive force claim in violation of the Fourth Amendment; 2) Conspiracy claims under §1983; and 3) State torts of intentional infliction of emotional distress and assault and battery. Defendants filed a Partial Motion for Summary Judgment addressing the conspiracy claims and the state tort claims. (Docket No. 33). I will address each argument in turn.

## II. Legal Analysis

### A. Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex*, 477 U.S. at 322.

Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id*. at 324. Summary judgment must therefore be granted "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988), *quoting, Celotex*, 477 U.S. at 322.

With this standard in mind, I now turn to the issues of this case.

### B. Partial Motion for Summary Judgment

#### 1. §1983 Conspiracy Claim

##### a. A §1983 conspiracy claim is not an independent cause of action

Defendants first argue that §1983 conspiracy claims should be dismissed because Plaintiff is asserting independent conspiracy claims. (Docket No. 34, pp. 4-5). A conspiracy claim under §1983 is not an independent claim. *Ober v. Miller,* No. 1:04-CV-1669, 2007 WL 4443256, 18 (M.D.Pa., Dec. 18, 2007) ("[C]onspiracy under § 1983 is not an independent cause of action, but a means to impute liability on third persons.") (citations omitted). "Section 1983 merely provides a mechanism by which to plead or prove a constitutional or statutory violation, to impose liability on each and every defendant without regard to who actually committed a particular act. It includes individuals who are part of the conspiracy but do not act directly to deprive the plaintiff of his or her constitutional rights." 15A C.J.S. §84.

In response, Plaintiff concedes that he is not proceeding with an independent §1983 conspiracy claim. (Docket No. 39, p. 2). Thus, Plaintiff is not alleging an independent §1983 conspiracy cause of action as Defendants purport. As a result, Defendants' Motion for Summary Judgment is denied as moot.

##### b. Defendants sued in individual capacity

Defendants next argue that Defendants are agents of the same entity, the state police. As such, Defendants cannot conspire among themselves. (Docket No. 34, pp. 5-6). This is a correct statement of the law. *Shingara v. Skiles,* Nos. 07-1535, 07-1819, 2008 WL 1748287 *2 (3d Cir.

April 17, 2008), *citing Gen. Refractories Co. v. Fireman's Fund Ins.*, 337 F.3d 297, 313 (3d Cir. 2003) *citing Heffernan v. Hunter*, 189 F.3d 405, 412 (3d Cir.1999) ("[T}his Court has determined that the intracorporate conspiracy doctrine applies to claims of federal civil rights conspiracy.") However, "individual defendants, who are employees of a government authority, can conspire with one another in their individual capacities." *Lopez v. Maczko,* No. 07-1382, 2007 WL 2461709, *5 (E.D.Pa. August 16, 2007); *Brady v. Cheltenham Twp.,* No. 97-4655, 1998 WL 164994, *4 n.6 (E.D. Pa. April 9, 1998).

In response, Plaintiff states that he has sued the Defendants "in their individual capacity and not in their official capacity as agents for the state." (Docket No. 39, p. 3). Thus, Plaintiff's argument continues that the individual Defendants "can conspire with each other under color of law, even though not doing so in their official capacities." *Id.* I agree. Since Defendants are sued individually, the intracorporate conspiracy doctrine does not apply. *Lopez,* 2007 WL 2461709, *5; 15A C.J.S. §80; .

In their Reply, Defendants submit that it is irrelevant whether they were sued in their official capacities or individual capacities because they were acting under color of state law in their role as state troopers which makes them agents of the same entity. (Docket No. 43, ¶3). Defendants' argument is mixing apples with oranges. Acting under color of law does not mean that a defendant sued in his individual capacity is an agent of his employer. Rather, acting under color of law means that "the defendant in a §1983 action...exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Barna v. City of Perth Amboy,* 42 F.3d 809, 815-16 (3d Cir. 1994), *quoting West v. Atkins,* 487 U.S. 42, 49 (1988). When a defendant is sued in his individual capacity, it means that the plaintiff is "seeking to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *see, Lopez,* 2007 WL 2461709, *5.

Consequently, summary judgment is not warranted on this ground.

### c. Conclusory allegations

Defendants' final argument with regard to the conspiracy claims under §1983 is that Plaintiff offers nothing more than his own unsupported, conclusory statements which are insufficient to survive summary judgment. (Docket No. 34, pp. 6-7). "In order to demonstrate the existence of a conspiracy under section 1983, 'a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law.'" *Royster v. Beard*, No. 08-3353, 2009 WL 146689, *3 (3d Cir. Jan. 22, 2009) *quoting, Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir.1993). Thus, there must be some evidence of an agreement or an understanding between the Defendants. *Id.* As evidence of a conspiracy to cover up the alleged excessive force, Plaintiff argues that there was a motor vehicle recording of the incident, that Defendant Lieberum reviewed the recording when making his report, but that neither Defendant put in a request to preserve the recording. (Docket No. 39, pp. 5-6). From this, Plaintiff submits that a jury could conclude that a conspiracy existed to cover up the actions of the Defendants. (Docket No. 39, p. 6). I disagree. There is simply no evidence to suggest an understanding or an agreement by Defendants to destroy the tape or to "cover-up" any of the acts of Defendants. There is no evidence of any conversation about the tape. There is no policy that requires a recording to be preserved. There is no evidence of any concerted action on the part of the Defendants regarding the motor vehicle recording. Consequently, I find that Plaintiff has failed to set forth a genuine issue of material fact from which a jury could conclude Defendants conspired.[1]

---

[1]Plaintiff additionally states that the Defendants conspired to lie under oath to cover up the conspiracy and that I must accept as true his version of the facts as they occurred at the scene (*i.e.* he did not resist arrest, he was not driving under the influence of alcohol, that he did not attempt to flee or elude the officer. (Docket No. 39). Plaintiff is incorrect. Plaintiff has been convicted of driving under the influence, resisting arrest, and fleeing or attempting to elude an

5

Therefore, summary judgment is warranted in favor of Defendants as to Plaintiff's conspiracy claims under §1983 against the individual Defendants.

2. State Tort Claims - Sovereign Immunity[2]

Finally, Defendants argue they are entitled to sovereign immunity as to Plaintiff's common law tort claims for intentional infliction of emotional distress and /or willful and wanton misconduct and assault and battery. (Docket No. 34, pp. 8-11). The doctrine of sovereign immunity bars tort claims against the Commonwealth, its officials, and employees when acting within the scope of their duties. 1 PA.C.S.A. § 2310. The General Assembly delineated only nine exceptions[3] to the sovereign immunity bar which are to be "strictly construed and narrowly tailored." *Brown v. Blaine*, 833 A.2d 1166, 1173 (Pa.Cmwlth. 2003). Because neither assault and battery (Count III) nor intentional infliction of emotional distress and/or wanton and willful misconduct (Count II) falls within one of these nine exceptions, the Defendants argue that both claims are barred by sovereign immunity. (Docket No. 12, pp. 8-9).

The sovereign immunity provided to Commonwealth employees under § 2310 only extends

---

officer. (Docket No. 42-2). Thus, Plaintiff is collaterally estopped from asserting facts to the contrary. *Grier v. Scarpine,* No. 04-1888, 2008 WL 655865, *5 n. 1 (W.D. Pa., March 5, 2008), *citing, M.B. ex rel. T.B. v. City of Philadelphia*, 128 Fed.Appx. 217, 226 (3d Cir.2005) ("Furthermore, in Pennsylvania, 'criminal convictions are admissible in civil actions arising from the same operative facts and circumstances [and] these convictions are conclusive evidence of the criminal acts.' "), *quoting, Stidham v. Millvale Sportsmen's Club*, 421 Pa.Super. 548, 618 A.2d 945, 952 (Pa.Super.1993); *Harsh v. Petroll*, 840 A.2d 404, 444 (Pa.Cmwlth.2003) ("Prior criminal convictions are conclusive evidence in subsequent civil actions arising out of the same incidents and concerning the same activity which was criminally prosecuted in the prior action."), *appeal granted in part by*, 580 Pa. 546, 862 A.2d 581 (Pa.2004), *and aff'd*, 584 Pa. 606, 887 A.2d 209 (Pa.2005). Hence, Plaintiff's statements to the contrary simply cannot be accepted for purposes of summary judgment.

[2]I note that in opposition Plaintiff mixes the terms qualified immunity and sovereign immunity interchangeably. (Docket No. 39, pp. 7-8). Qualified immunity and sovereign immunity are two separate types of immunity and are not interchangeable. In this case, Defendants are only asserting entitlement to sovereign immunity. (Docket No. 34, pp. 8-11). As a result, I will only be discussing sovereign immunity.

[3]The nine exceptions are set forth at 42 Pa.C.S.A. §8522(b).

to those employees "acting within the scope of their duties." 1 PA.C.S.A. § 2310.  Conduct of an employee is within the scope of employment only if: (1) it is of a kind that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is calculated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, it is not unexpected by the employer.  *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000), *citing* Restatement (Second) Agency § 228.  The only argument made by Plaintiff in opposition is that "if the Court accepts the facts of record set forth by the Plaintiff in the factual offering described above, it is obvious that the Plaintiff presented no resistance of any kind to the Defendants which would warrant the use of force." (Docket No. 39, p. 7).  As set forth above in footnote number 1, Plaintiff has been convicted of driving under the influence, resisting arrest, and fleeing or attempting to elude an officer.  (Docket No. 42-2).  Thus, Plaintiff is collaterally estopped from asserting facts to the contrary.  *Grier v. Scarpine,* No. 04-1888, 2008 WL 655865, *5 n. 1 (W.D. Pa., March 5, 2008), *citing, M.B. ex rel. T.B. v. City of Philadelphia*, 128 Fed.Appx. 217, 226 (3d Cir.2005) ("Furthermore, in Pennsylvania, 'criminal convictions are admissible in civil actions arising from the same operative facts and circumstances [and] these convictions are conclusive evidence of the criminal acts.' "), *quoting, Stidham v. Millvale Sportsmen's Club*, 421 Pa.Super. 548, 618 A.2d 945, 952 (Pa.Super.1993); *Harsh v. Petroll*, 840 A.2d 404, 444 (Pa.Cmwlth.2003) ("Prior criminal convictions are conclusive evidence in subsequent civil actions arising out of the same incidents and concerning the same activity which was criminally prosecuted in the prior action."), *appeal granted in part by*, 580 Pa. 546, 862 A.2d 581 (Pa.2004), *and aff'd*, 584 Pa. 606, 887 A.2d 209 (Pa.2005).  Hence, Plaintiff's statements to the contrary simply cannot be accepted for purposes of summary judgment.

Based on the evidence of record, there is no genuine issue of material fact that the conduct of the Defendants in effecting an arrest of a suspected drunk driver was of a kind that the

Defendants were employed to perform, that occurred while the Defendants were on duty, which served the purpose of law enforcement, and during which the Commonwealth expects (and trains) officers to use the appropriate amount of force necessary to accomplish the same. Therefore, there is no genuine issue of material fact that the Defendants were acting within the scope of their employment during the incident and entitled to sovereign immunity as to the state tort claims.

Consequently, summary judgment in favor of Defendants as to Counts II and III of Plaintiff's Amended Complaint is warranted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK REVAK,

    Plaintiff,

vs.         Civil Action No. 08-691

NATHANIEL LIEBERUM, and BRIAN
BARNHART, as individuals,

    Defendants.

AMBROSE, Chief District Judge

## ORDER OF COURT

AND NOW, this 23rd day of April, 2009, after careful consideration of the submissions of the parties and for the reasons set forth in the accompanying Opinion it is ordered that Defendants' Partial Motion for Summary Judgment (Docket No. 33) is granted in part and denied in part as follows:

1. The Partial Motion for Summary Judgment is denied as moot with regard to Defendants' argument that Plaintiff's conspiracy claims are independent since the conspiracy claims are not asserted as independent claims;

2. The Partial Motion for Summary Judgment is denied with regard to Defendants' argument on the intracorporate conspiracy doctrine;

3. The Partial Motion for Summary Judgment is granted in favor of Defendants as to Plaintiff's conspiracy claims under §1983 against Defendants and said claims are dismissed from the Amended Complaint;

4. The Partial Motion for Summary Judgment is granted in favor of Defendants as to Counts II and III of Plaintiff's Amended Complaint based on sovereign immunity and said claims are dismissed from the Amended Complaint.

It is further ordered that a pre-trial conference is set for May 7, 2009, at 10:15 a.m.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge