IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK REVAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 08-691 |
| ) | |
| NATHANIEL LIEBERUM, and BRIAN ) | |
| BARNHART, as individuals, ) | |
| ) | |
| Defendants. ) | |

AMBROSE, Chief District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court is a Motion for Summary Judgment filed by Defendants, Nathaniel Lieberum ("Lieberum") and Brian Barnhart ("Barnhart," or collectively as "Defendants"). (Docket No. 50). Plaintiff filed a Brief in Opposition thereto. (Docket No. 54). Defendants filed a Reply thereto. (Docket No. 59). After a careful review of the submissions by the parties and for the reasons discussed in this Opinion, the Motion for Summary Judgment (Docket No. 50) is granted.

### OPINION

I.  **Procedural History**

This case involves a traffic stop and arrest of Plaintiff by Defendants on August 11, 2006. After two rounds of Motions to Dismiss and a partial Motion for Summary Judgment, the only remaining claim is an unreasonable search and seizure and excessive force claim in violation of the Fourth Amendment. (Docket No. 44). At the settlement conference on May 7, 2009, I granted Defendants' request to file a second motion for summary judgment on the remaining 4th Amendment claim in light of Plaintiff's recent criminal convictions based on collateral estoppel

grounds. (Docket No. 45). Briefing is now complete and the issue is ripe for review.

**II.     Legal Analysis**

   **A.     Standard of Review**

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex*, 477 U.S. at 322.

Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id*. at 324.

Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988), *quoting, Celotex*, 477 U.S. at 322.

With this standard in mind, I now turn to the issues of this case.

### B.     Collateral Estoppel

On April 9, 2009, Plaintiff was convicted of the crimes of Driving Under the Influence of Alcohol (75 Pa.C.S. §3802), Resisting Arrest (18 Pa.C.S. §5104), Fleeing or Attempting to Elude Officer (75 Pa.C.S. §3733), and Disregarding Traffic Lane (single) (75 Pa. C.S. §3309), Exceeding Maximum Speed Limits (75 Pa.C.S. §3362), and Failing to Yield to Emergency Vehicle (75 Pa.C.S. §3325).  Based on the same, Defendants assert that Plaintiff is collaterally estopped from claiming that the officers used excessive force against him.  (Docket No. 50, p. 3; Docket No. 53-2).

Under Pennsylvania law, collateral estoppel applies if four elements exist: (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action. *Shaffer v. Smith*, 673 A.2d 872, 874 ( Pa. 1976) (citations omitted). It is well established in Pennsylvania that "a criminal conviction estops a defendant from denying his acts in a subsequent civil trial."  *Shaffer*, 673 A.2d at 874; *Folino v. Young*, 568 A.2d 171 (Pa. 1990); *In re Kravitz Estate*, 211 A.2d 443 (1965).  A criminal conviction may be used to establish the operative facts in a subsequent civil case based upon those same facts.  *Dept. of Transportation v. Mitchell*, 535 A.2d 581, 585 (Pa. 1987).

In this case, Defendants first argue that the four elements of collateral estoppel apply here. (Docket No. 51, p. 6).  Specifically, the issues decided in the criminal matter are the same issues,

that is, what happened during the incident in question on April 11, 2006.  There was a final judgment on the merits whereby a criminal jury found Plaintiff guilty of the crimes set forth above.  Plaintiff was a party to the criminal trial in which he was the defendant.  Plaintiff participated in the criminal trial and had a full and fair opportunity to litigate the issues.  *Id.*  Thus, Defendants submit that Plaintiff is estopped from relitigating whether Plaintiff: 1) was driving under the influence, 2) was speeding, 3) failed to stop for the police, and 4) resisted arrest, as these matters were previously litigated and determined by a criminal jury.  (Docket No. 51, pp. 6-7).

In opposition, Plaintiff argues that while he was found guilty of resisting arrest, the jury did not make special factual findings on the verdict slip and, therefore, there is a genuine issue of material fact as to what conduct led to the guilty verdict of resisting arrest.  (Docket No. 54).  In particular, Plaintiff argues that the act of continuing to drive his vehicle while an officer ran next to him trying to stop the vehicle must have formed the basis of the verdict because the other incidents with the police involving the mace were merely scuffles which the criminal judge stated could not constitute resisting arrest.  *Id.* at pp. 1, 4.  As such, Plaintiff argues that the issues litigated are not identical to the issues in this case.  (Docket No. 54, p. 4-9).  I am not persuaded by Plaintiff's argument.

The criminal judge instructed the jury that one of the elements of resisting arrest is "that police must have been effecting a lawful arrest or the defendant cannot be guilty of resisting arrest."  (Docket No. 53-6, p. 110).  He additionally instructed:

> In order to find the defendant guilty of resisting arrest, you must be satisfied that the following two elements have been proven beyond a reasonable doubt: first, that the defendant created a substantial risk of bodily injury to a police officer or resisted by means justifying or requiring substantial force to overcome the resistance; and second that the defendant did so with the intent of preventing the police officer from effecting a lawful arrest.

*   *   *

Now, a person cannot commit this crime unless he resists – unless he creates a

4

> substantial risk of bodily injury or resists by means justifying or requiring substantial force to overcome the resistance. You cannot find the defendant guilty if you find that he merely tried to run away from or scuffled with or argued with the officer. Resisting arrest is a crime intended to punish resistance by force or other dangerous means. A mere refusal to submit is not punishable.

(Docket No. 53-6, pp. 111-112). Plaintiff does not point to any evidence that Defendant Lieberum was effectuating an arrest at the time he was running next to Plaintiff's vehicle. Rather, the evidence indicates that Defendant Lieberum was attempting to effectuate a stop. (Docket No. 55, p. 4, ¶1). This alone means that the act of continuing to drive his vehicle while an officer ran next to him trying to stop the vehicle could not have formed the basis of the guilty verdict of resisting arrest.

Moreover, Plaintiff does not argue how driving slowly (Docket No. 52, ¶¶15-19) and coming to a stop is creating a substantial risk of bodily injury or is resisting by means justifying or requiring substantial force to overcome the resistance. As a result, I find that the only reasonable conclusion is that the guilty verdict means the jury did not believe Plaintiff's version that he did not resist when the mace was being used. Therefore, I find that the identical issues have been fully litigated and collateral estoppel applies in this case.

    **C.**    **Excessive Force**

Defendants next submit that the issue now becomes whether the use of the pepper spray by the Defendants constituted excessive force. (Docket No. 51, p. 7). In arguing that there is a genuine issue of material fact as to whether excessive force was used, Plaintiff merely argues that if I accept his argument that the resisting arrest could not have involved the macing incidents, then there remains a genuine issue as to whether excessive force was used. (Docket No. 54, p. 7-8). This is so, Plaintiff argues, because then Plaintiff was maced for no reason because he was not resisting in any way. *Id.* Since I reject that argument above, this argument is moot.

Claims that law enforcement officers have used excessive force in the course of an arrest

are to be evaluated under Fourth Amendment "reasonableness" standards. *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). The inquiry is whether the officers' actions are objectively reasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation ." *Id*. at 397.  The reasonableness of a particular use of force, therefore, must be assessed with "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. at 396. "Other relevant factors include the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Moore v. Vangelo,* 222 Fed.Appx. 167, 170 (3d Cir. 2007), *citing, Sharrar v. Felsing,* 128 F.3d 810, 822 (3d Cir.1997).  "[P]olice officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation."   *Id.* at 171.

     Since I find that Plaintiff was resisting arrest while being maced and since Plaintiff admits that pepper spray is within the lowest level of force authorized by the Pennsylvania State Police Force Options Continuum, I find that there is no genuine issue of material fact that it was objectively reasonable for Defendants to use the pepper spray in light of the fact that Plaintiff was intoxicated, speeding, and then eventually resisting arrest.   Defendants only used that which a reasonable officer would have employed in effecting the arrest under similar circumstances. Therefore, I find that there is no genuine issue that Defendants used an amount of force proportional to the need to effectuate the arrest.   The Defendants' actions did not constitute excessive force. Therefore, summary judgment in favor of Defendants is warranted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK REVAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 08-691 |
| ) | |
| NATHANIEL LIEBERUM, and BRIAN ) | |
| BARNHART, as individuals, ) | |
| ) | |
| Defendants. ) | |

AMBROSE, Chief District Judge

## ORDER OF COURT

AND NOW, this 29th day of September, 2009, after careful consideration of the submissions of the parties and for the reasons set forth in the accompanying Opinion it is ordered that Defendants Motion for Summary Judgment (Docket No. 50) is granted.

The case shall be marked "CLOSED."

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge